UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES BERGHUIS,<br><br>        Defendant. | **No. 2:10-cr-0377 WBS**<br><br>**FINDINGS OF FACT** |

----oo0oo----

Pursuant to the Court of Appeals' remand (Docket No. 180), having heard and considered the evidence at trial, and having now read and considered the record and the parties' briefs and arguments, the court hereby finds as follows:

1. Defendant James Berghuis willfully provided false testimony under oath during a civil deposition on or about July 7, 2008 in the case <u>Confi-Chek, Inc. v. James G. Berghuis</u>, in Sacramento Superior Court, Case No. 07ASO4117, when he testified that he used money from Robert Miller to buy real estate transactions and to buy promissory notes. Specifically, when

1

asked where the money from Miller went, Berghuis testified, "It went to buy real estate transactions, went to buy notes." RT 480; Gov't Ex. 14F, at 21:17-19. Later in that same deposition, when Berghuis was asked again about what he intended to do with Miller's money, he repeated that he was going to use it for a real estate deal, but claimed that the person who put the deal together "ripped [Burghuis] off." Gov't Ex. 14F, 1t 26:7-18; 27:1-13. One more time in that deposition, Berghuis testified that of the money Miller caused to be loaned to him to buy notes, he "ended up buying one [of the notes] for approximately somewhere between 130 and 170,000 and ... put $100,000 into [the seller's] account." Gov't Ex. 14F, at 35:12-20.

In truth, the evidence at trial demonstrated that Berghuis used Robert Miller's money to pay prior victims of Berghuis's fraud scheme or for personal expenses, including payments to his family members and himself. Specifically, Special Agent Brian Wright testified that there was no evidence in Berghuis's bank accounts that the money from Miller was used to buy real estate or promissory notes. RT 611. To the contrary, immediately upon deposit, about a quarter of Miller's money was used to cover overdrafts on Burghuis's account, and the rest was used to make Ponzi payments in the amount of $93,000 to another investor, pay Berghuis's father some $43,000, pay over $12,000 for pool service, take some $10,000 for himself, and pay off some $5,000 of his own personal debts. None of it went as Berghuis testified at his deposition.

Berghuis's argument that he corrected or clarified his testimony to indicate that he did not remember exactly where

Miller's money went is unconvincing. Although upon prodding by his own attorney Berghuis testified that he could not trace the funds "specifically at this time" (RT 14F, at 21:23-24), Berghuis never recanted his testimony that he used Miller's money to buy promissory notes, nor did he state that he was confused by the earlier questions.

Berghuis argues that because Miller was not the named victim of one of the specific mailings or wire communications alleged in the counts of conviction U.S.S.G § 3C1.1 is inapplicable. That argument is unpersuasive. The use of the mail or wires simply provides the basis for federal jurisdiction. It is the scheme to defraud which was the subject of the prosecution. See United States v. Luca, 183 F.3d 1018, 1022 (9th Cir. 1999) (noting under similar facts that the "offense" was the Ponzi scheme defendant generated which resulted in his conviction). There can be no dispute that Miller was one of the victims of the scheme alleged in the indictment in this case. Berghuis's false testimony in the Superior Court action regarding the Miller transaction thus occurred with respect to the investigation of the instant offense of conviction.

2. Berghuis's false testimony under oath was related to the offenses for which Berghuis was investigated, prosecuted, and convicted in the above-referenced case, including with respect to mail fraud, under 18 U.S.C. § 1341, and wire fraud scheme, under 18 U.S.C. § 1343, and relevant conduct under U.S.S.G. § 1B1.3. As this court previously found, "based upon the evidence before the court, the testimony that Mr. Berghuis gave in his deposition in that civil proceeding clearly pertained to the conduct that

3

forms the basis of the offense of conviction." 11/17/2014 RT at 32. Specifically, the evidence adduced at trial and at the restitution hearing demonstrated that Robert Miller was a victim of Berghuis's mail and wire fraud scheme for which he was convicted, and for which this court has ordered Berghuis to pay restitution to Miller in the amount of $231,575.00. The evidence also established that the civil deposition in <u>ConfiChek, Inc. v. James G. Berghuis</u>, Sacramento Superior Court, Case No. 07ASO4117, in which Berghuis gave false testimony, directly related to the same transaction which was the subject of Miller's testimony with regard to an offense of conviction in the instant case.

3. The false testimony Berghuis gave under oath was material, that is, it was purposefully calculated, and likely, to thwart the potential criminal investigation regarding Berghuis's fraud scheme with respect to Robert Miller's money. During the course of his deposition Berghuis readily admitted that he owed Miller the money Miller claimed in the lawsuit and that he had taken Miller's money but not paid him back as promised. Gov't Ex. 14F, at 17:5-14; 21:6-13; 27:1-4. It is therefore clear that in giving his false explanations Berghuis was not trying to avoid civil liability to Miller but was rather attempting to fend off any criminal investigation into the conduct which was the subject of this prosecution by convincing Miller and his other victims that his conduct was not criminal. Berghuis's suggestion that his testimony was due to faulty memory or the complexity of all his transactions is unpersuasive.

FOR ALL OF THE FOREGOING REASONS the court finds that the obstruction of justice enhancement of U.S.S.G. § 3C1.1

4

applies, and that accordingly the total offense level is 31, and the criminal history category is II.

Dated: October 16, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE